**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812
MDD_SAGchambers@mdd.uscourts.gov

January 27, 2025

**LETTER ORDER**

      Re:  <u>Kimberly C. v. Martin O'Malley, Commissioner, Social Security Administration</u>
            Civil Case No. SAG-21-0873

Dear Counsel:

      On April 6, 2021, Plaintiff Kimberly C. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for benefits. ECF No. 1. With the consent of both parties, the Court remanded Plaintiff's case to the SSA pursuant to sentence six of 42 U.S.C. § 405(g) on August 30, 2021.[1] ECF No. 14. Upon the Administrative Law Judge ("ALJ") issuing a decision finding Plaintiff not disabled under the Social Security Act[2] on January 5, 2023, *see* Tr. 1-16, the parties consented to reopen the case, ECF No. 17. In accordance with the briefing schedule, Plaintiff requested reversal and remand for a calculation of benefits or, in the alternative, a remand to the Commissioner "for further administrative proceedings, including a new hearing and decision." ECF No. 20, at 17. In response, the Commissioner sought remand, asserting that "remand for further administrative proceedings rather than a reversal for benefits is the appropriate remedy." ECF No. 24, at 3. Contrary to usual practice in this Court, Plaintiff opposed, arguing that the Court should reverse the SSA's decision and remand for a benefits calculation because "the record clearly establishes Plaintiff's entitlement to benefits, and . . . another ALJ hearing would serve no useful purpose." ECF No. 25, at 1. I have considered the parties' briefs (ECF Nos. 20, 24, 25) and find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, the Commissioner's Motion to Remand is GRANTED, the Commissioner's decision is REVERSED, and this case is REMANDED to the Commissioner for further administrative proceedings.

      Only in "rare circumstances" may courts within the Fourth Circuit reverse a Social Security appeal and order payment of benefits. *Radford v. Colvin*, 734 F.3d 288, 294-95 (4th Cir. 2013). The reviewing court is not permitted to conduct a *de novo* inquiry into the matter or to weigh conflicting evidence. *Id.* at 296. The Court limits its review to whether a determination rests upon substantial evidence and applied the correct legal principles. *Westmoreland Coal Co., Inc. v. Cochran*, 718 F.3d 319, 322 (4th Cir. 2013). If this limited review identifies harmful error, "the proper course, expect in rare circumstances, is to remand to the agency for additional investigation

---

[1] The Court retained jurisdiction in the case while it was pending before the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g).

[2] 42 U.S.C. §§ 301 et seq.

Kimberly C. v. O'Malley
Civil No. SAG-21-0873
January 27, 2025
Page | 2

or explanation." *Radford*, 734 F.3d at 296 (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). The rare exception to this procedure arises where a record clearly establishes disability, such that "reopening the record for more evidence would serve no useful purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1011-12 (4th Cir. 1974). In such circumstances, courts may (1) reverse the SSA's determination *without* remanding the case for a rehearing and (2) order an award for benefits. *Id.*; *see* 42 U.S.C. § 405(g); *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

Plaintiff's core argument in favor of reversal for calculation of benefits is that, for purposes of her Title XVI claim, the ALJ erred by finding that Plaintiff could perform past relevant work as an office manager/administrative clerk and, accordingly, not disabled.[3] ECF No. 20, at 4-9, 15-17. Specifically, Plaintiff avers that the ALJ's finding at step four is unsupported by substantial evidence because Plaintiff's past work as an office manager/administrative clerk occurred prior to the relevant 15-year period, January 5, 2008, to January 5, 2023, to qualify as past relevant work.[4] *Id.*, at 4-7. Plaintiff argues that the ALJ, in concluding that she could perform past relevant work, relied on her work history report at Exhibit 8E; however, the report indicates that Plaintiff worked as an office manager from September 2005 until January 2007, prior to the 15-year period. *Id.*, at 5-7 (citing Tr. 43-46, 489-94). Defendant counters that "[t]here is conflicting evidence in the record as to when Plaintiff performed work as an office manager/administrative clerk." ECF No. 24-1, at 6. For example, another work history report at Exhibit 1E indicates that Plaintiff worked as an office manager between September 2007 until March 2009, therefore, within the relevant 15-year period. *Id.*, at 6-7 (citing Tr. 440). Plaintiff argues, however, that Exhibit 1E does not support the ALJ's step four findings because "this office manager position appears to have been performed at the heavy to very heavy exertional level, or had components of a composite job[,]" asserting she would therefore be "precluded by the job's demanding exertional requirements." ECF No. 20, at 7; *see* ECF No. 25, at 2-4.

Plaintiff acknowledges that the ALJ did not conduct alternative step five findings and did not evaluate Plaintiff's transferrable skills. ECF No. 20, at 7. However, Plaintiff asks the Court to "take judicial notice that there are no transferable skills" from her past work and to look to the Medical-Vocational Rules to find that remand to the Commissioner "would serve no useful purpose." *Id.*, at 7-9, 16-17. Specifically, Plaintiff argues that because she has no transferrable skills from her past work, "she is disabled pursuant to Medical-Vocational Rule 201.14 (age 50-

---

[3] Plaintiff does not assert the same challenge with respect to her Title II claim.

[4] At the time of the ALJ's January 2023 decision, the relevant period for determining if a job could be characterized as past relevant work generally was 15 years prior to the adjudication. *See* Social Security Ruling ("SSR") 82-62, 1982 WL 31386, at *1-2 (S.S.A. Jan. 1, 1982). In June 2024, SSR 82-62 was rescinded and replaced by SSR 24-2p to modify the relevant period from 15 years to 5 years to qualify as past relevant work. SSR 24-2p, 2024 WL 2846571, at *48479 (S.S.A. June 6, 2024). However, the SSA "expect[s] that Federal courts will review [the SSA's] final decisions using the rules that were in effect at the time [the SSA] issued the decisions." *Id.* at 48479 n.1. Once remanded, however, the SSA will apply the current regulations. *Id.*

Kimberly C. v. O'Malley
Civil No. SAG-21-0873
January 27, 2025
Page | 3

54 at onset, high school graduate, semiskilled [past relevant work]-skills not transferrable)." *Id.*, at 16; *see* ECF No. 25, at 2. Plaintiff further asserts that if the case is remanded for further administrative proceedings, "the ALJ will only be able to consider past relevant work performed within the last five years[,]" and because she has not worked since 2016 to 2017, "Plaintiff will have no past relevant work." *Id.* Accordingly, Plaintiff argues, she is disabled for purposes of both Title II and Title XVI, pursuant to "Medical-Vocational Rule 201.12 (age 50-54 at onset, high school graduate, unskilled or no [past relevant work]."[5] *Id.*

Defendant counters that "[t]he hearing record does not unambiguously establish that Plaintiff lacked *any* transferrable skills; indeed, the vocational expert [("VE")] did not offer testimony on this point during the hearing." ECF No. 24-1, at 7 n.5 (citing Tr. 61-72). Instead, Defendant argues, remand for further administrative proceedings is the appropriate remedy "to resolve these disputed factual issues," noting that "the Commissioner, through the Appeals Council, will direct that a different ALJ provide the opportunity for a hearing and obtain supplemental vocational evidence to determine whether Plaintiff can perform her past relevant work *or* other work in the national economy." *Id.*, at 7.

This Court's recent decision in *Alex M. v. O'Malley*, No. 23-2472-CDA, 2024 WL 1051093 (D. Md. Mar. 8, 2024), cited by the Commissioner, as well as the decision in *Catisha W. v. Comm'r, Soc. Sec. Admin.*, No. BAH-21-1567, 2022 WL 2483582 (D. Md. July 6, 2022), are instructive in this case. In both cases, the plaintiff opposed the Commissioner's motion to remand; challenged the ALJ's reliance on VE testimony; and argued for a reversal and award of benefits. *Alex M.*, 2024 WL 1051093, at *1-2; *Catisha W.*, 2022 WL 2483582, at *1. Both times, the Court granted an opposed motion to remand for further administrative action, finding the facts before the Court as the "antithesis" of the high threshold required by *Radford* and *Breeden*. *Alex M.*, 2024 WL 1051093, at *2; *Catisha W.*, 2022 WL 2483582, at *1-2. Here, the Court similarly concludes that remand is appropriate so that the SSA can "flesh[] out the facts" and have "a second opportunity to perform its task." *Catisha W.*, 2022 WL 2483582, at *1.

Plaintiff's arguments fail to demonstrate this case as a rare circumstance warranting reversal for an award of benefits under *Radford* and *Breeden*. It appears that the Commissioner concedes harmful error in the ALJ's decision, at least to some degree, because "[a]fter reviewing the record and the contentions raised in Plaintiff's brief, the Commissioner determined that further administrative consideration of Plaintiff's claim is warranted." ECF No. 24-1, at 3. It cannot be said, however, that "reopening the record would serve no useful purpose." *Breeden*, 493 F.2d at 1011-12. To the contrary, on remand, reopening the record would permit the ALJ to develop the record regarding Plaintiff's ability to perform past relevant work, her transferrable skills (or lack thereof), and her ability to perform other jobs. *See Sheiman v. Colvin*, No. 12-708-TUC-CKJ, 2013

---

[5] In Plaintiff's response to the Commissioner's Motion to Remand, Plaintiff argues that with respect to her Title II claim, "sending this case back to the [SSA] now is needless, would cause delay of much needed benefits, and is wasteful of critical [SSA] resources, as Plaintiff's work from September 2005 through January 2007 is more than six years outside of the new relevant time period to be considered [past relevant work]." ECF No. 25, at 4.

Kimberly C. v. O'Malley
Civil No. SAG-21-0873
January 27, 2025
Page | 4

WL 5353047, at *3 n.1 (D. Ariz. Sept. 25, 2013) (granting an opposed motion to remand finding that plaintiff had "not pointed to any evidence in the record that she has no transferrable skills," and "[i]t must be determined . . . whether [plaintiff] still ha[d] the residual functional capacity to perform her past work or alternate work[,]" as such "it is not clear the ALJ would be required to find [plaintiff] disabled if all of the evidence were properly evaluated."); *Samson v. Soc. Sec. Admin.*, No. 22-4111, 2023 WL 3190463, at *2-3 (E.D. La. Mar. 27, 2023), *report and recommendation adopted*, No. 22-4111, 2023 WL 3180302 (E.D. La. May 1, 2023) (granting an opposed motion to remand to allow additional VE testimony to determine whether plaintiff's "job of server qualifies as [p]laintiff's past relevant work, and if it does not, such testimony may be needed to determine whether [p]laintiff has the residual functional capacity to perform any past relevant work."); *Coleman v. Astrue*, No. FRB-10-1871, 2011 WL 482885, at *1 (E.D. Mo. Jan. 19, 2011), *report and recommendation adopted*, No. RWS-10-1871, 2011 WL 483726 (E.D. Mo. Feb. 7, 2011) (granting an opposed motion to remand for further consideration; "further consideration" would include the issue of VE testimony regarding the existence of jobs the plaintiff could perform).

Plaintiff urges the Court to find that Plaintiff has no past relevant work, lacks any transferrable skills, and is disabled under the Medical-Vocational Rules. *See* ECF No. 20. However, "[p]laintiff's urgings require the Court to make factual and legal determinations that are not unambiguously established in the record." *See Alex M.*, 2024 WL 1051093, at *2. Absent further development of the record by the ALJ, the record before the Court does not clearly establish that Plaintiff is disabled and entitled to benefits. *See Breeden*, 493 F.2d at 1012. In *Coffman*, the Fourth Circuit found an award of benefits appropriate because the record as developed convinced the court that if after remand the Commissioner "were to conclude again that [plaintiff] was not disabled, his decision would not withstand judicial review." 829 F.2d at 519. The matter before the Court does not compel the same conclusion.

For the reasons set forth herein, the Court GRANTS Commissioner's Motion to Remand (ECF No. 24). The SSA's judgment is REVERSED pursuant to sentence four of 42 U.S.C. § 405(g). The case is REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge